UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____1:21-mj-03500-AOR_____

UNITED STATES OF AMERICA

vs.

BELARMINIO LOPEZ-PADILLA and
BRAULIO INFANTE-MEJIA,

        **Defendants.**
_____/

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   __ Yes   X   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes   X   No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   __ Yes   X   No

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        ACTING UNITED STATES ATTORNEY

By:  _/s/ Richard E. Getchell_____
        RICHARD E. GETCHELL
        Assistant United States Attorney
        FLA. BAR NO. 817643
        11200 N.W. 20th Street
        Miami, Florida 33172
        (305) 715-7647
        (786) 564-9126 (cell)
        Richard.getchell@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| BELARMINIO LOPEZ-PADILLA, and BRAULIO INFANTE-MEJIA, | ) ) ) ) ) | Case No. 1:21-mj-03500-AOR |

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __July 13, 2021__, upon the high seas and elsewhere outside the jurisdiction any particular State or district, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). |
| Title 46, United States Code, Section 70503(a)(1) | Possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

DEA S/A EDWIN BRIGANTTY
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: 7/29/21

*Judge's signature*

City and state: Miami, Florida

Alicia M. Otazo-Reyes, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Edwin Brigantty, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am employed as a Drug Enforcement Administration (DEA) Special Agent with the Miami Field Division since 2002. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2.      The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3.      This Affidavit is submitted for the limited purpose of establishing probable cause

that **BELARMINIO LOPEZ-PADILLA ("LOPEZ-PADILLA")**, and **BRAULIO INFANTE-MEJIA ("INFANTE-MEJIA")** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b), and did knowingly and intentionally possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1).

### **PROBABLE CAUSE**

4. On July 13, 2021, while on patrol in the Caribbean Sea, a maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 80 nautical miles north of El Cabo, Colombia, in international waters and upon the high seas. The MPA also reported the jettison of approximately 16 bales tied to an outboard engine, which began sinking. The *USS Billings* was patrolling nearby with a USCG law enforcement detachment (LDET) on board and diverted to intercept the GFV, which had no indicia of nationality.

5. While in route to the area, *Billings* launched its helicopter ("*Frosty 43*") and rigid hull inflatable boat (RHIB). Upon arrival on scene, the law enforcement boarding team aboard the RHIB conducted a right of visit boarding of the GFV. Two crew members were on board the GFV, identified as **BELARMINIO LOPEZ-PADILLA** and **BRAULIO INFANTE-MEJIA,** both Dominican nationals. In response to right of visit questioning by U.S. law enforcement, **LOPEZ-PADILLA** identified himself as the master of the vessel and made a claim of Dominican Republic nationality for the vessel. The government of the Dominican Republic was contacted by the U.S. and could neither confirm nor deny registration of the GFV. Accordingly, the GFV

was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States.

8. Before a full law enforcement boarding could be conducted, the GFV, which bore no indicia of nationality, began sinking. The boarding team observed 4 additional bales in the bow of the boat but were unable to retrieve those bales because the GFV quickly became completely submerged. The two-member crew of the GFV were removed from the GFV for safety reasons.

9. A total of 17 bales of contraband was recovered from the water weighing approximately 488 kilograms. Two field tests of the contraband were conducted using NIK test kits which both were positive for the presence of cocaine. Based on my training and experience, and that of other officers involved in this investigation, I know that maritime smugglers transporting large quantities of cocaine intend to distribute the contraband to others at the end of their journey.

10. **LOPEZ-PADILLA and INFANTE-MEJIA** were detained and transferred to a United States Coast Guard Cutter ("USCGC") for transport to the U.S. Naval Station at Guantanamo, Cuba. On July 28, 2021, the defendants were transferred to custody of the Drug Enforcement Administration and transported by air to Fort Lauderdale International Airport for transfer to and prosecution in United States District Court in Miami, Florida.

## CONCLUSION

11. Based upon the information provided above, I respectfully submit probable cause exists to believe **BELARMINIO LOPEZ-PADILLA** and **BRAULIO INFANTE-MEJIA** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of

cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b), and did knowingly and intentionally possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1).

**FURTHER AFFIANT SAYETH NAUGHT**

Edwin Brigantty
Special Agent
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 29th day of July, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4